## THE MISSISSIPPI.

### THORON v. THE MISSISSIPPI.

#### (District Court, S. D. New York. June 8, 1896.)

SHIPPING—DAMAGE TO CARGO—RAIN AT PIER.

A consignment of oleo stearine, the trade-name of which in France is "pressed tallow," was shipped from Paris, and transshipped at London, for New York, as "tallow." The consignment was discharged at the steamer's covered pier, but was placed, uncovered, in an adjacent portion of the street, by the stevedore, who supposed it was tallow. The goods were here damaged by rain, but it appeared that tallow would not have been damaged under similar conditions. *Held*, that the ship was not liable.

This was a libel in rem by Casimir Thoron against the steamer Mississippi (Thomas F. Gates, claimant) to recover for damage to a consignment of oleo stearine, shipped as "tallow," under a through bill of lading, from Paris, transshipped at London, for New York, upon the steamship Mississippi.

The trade-name for stearine in France is pressed tallow. The steamer arrived on July 3d, her arrival being known to the libelant. Seventy-two hours after arrival were allowed by the bill of lading for taking delivery of the goods. They were discharged on the 4th, at the Atlantic Transport Line's pier, New York City, which was a covered pier. The company uses a portion of the street adjacent to the pier, specially prepared, and known as the "Farm," for the reception or storage of cargo not susceptible to damage by the elements. Immediately upon the discharge of the stearine, which was described in the bill of lading and manifest as "tallow," and which the stevedores supposed was tallow, it was placed upon the farm. Rain fell on the 4th and 5th and damaged the stearine while it lay there. It appeared from the evidence that tallow would not have been damaged under similar conditions. On receipt of notice from libelant on the 6th, that the casks contained stearine, they were covered and protected.

Hobbs & Gifford, for libelant.
Convers & Kirlin, for claimant.

BROWN, District Judge.    I find upon the evidence that the "farm" was not a proper place to put stearine, but was a proper and sufficient place for the temporary storage of tallow for a few days in the weather then prevailing.

But the goods were shipped as "tallow" and so described in the bill of lading and in the ship's manifest.    The stevedore, when he came to these casks, inquired at the office what they were, not knowing whether they required housing or not, and at the office, on examining the ship's manifest, he was told the goods were tallow.

The stevedore did not suspect they were stearine; nothing about the casks indicated that to him, and neither he nor the ship's agents are legally chargeable with the knowledge of what experts in the tallow trade might infer.    They are entitled to rely on the description given, in the absence of any further knowledge.

As soon as they were informed, they covered the goods.    There evidently was no intent to slight the goods, and I do not think any negligence is proved as respects their knowledge of the character of the goods.    If the shippers did not expect the goods to be treated as tallow, they should not have shipped them as tallow.    Libel dismissed, without costs.